IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITY OF NEODESHA,

    Plaintiff,

v.                                                       Case No. 15-4014-KHV

BP CORPORATION NORTH
AMERICA INC., et al.,

    Defendants.

## ORDER

On February 9, 2015, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference with counsel in this case which was removed from the Municipal Court of Neodesha, Kansas. This order memorializes the parties' agreements and the court's decisions on the record during the conference.

**Limited Consolidation; Motions for Remand**

Plaintiff plans to seek remand of this case and 830 related cases, Case Nos. 15-4016 through 15-4844, and 15-4847. Fed. R. Civ. P. 42(a) permits a court to consolidate or join for trial or hearing "any or all the matters at issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left

to the sound discretion of the trial court.[1]  In exercising its discretion, the court considers whether judicial efficiency is best served by consolidation.[2]

The parties agree that, at least as concerning possible remand, all of these cases involve common questions of law and fact arising arise from the same nucleus of facts, specifically, the alleged contamination of various tracts of real property in the City of Neodesha, Kansas, by defendant BP Corporation North America Inc. ("BP").  The parties are represented by the same counsel in all cases.  Judicial efficiency obviously would be best served by consolidating the cases for purposes of addressing the issue of remand.

Without objection, the court therefore is consolidating all 831 cases, but at this point only for the purpose of addressing matters of remand.  The parties agree ten of the pending 831 cases, although related to the other cases, have their own subset of issues.  These are Case Nos. 15-4014, and 15-4016 through 15-4024.  Therefore, there will be two sets of briefs addressing the appropriateness of remand: one set related to the ten cases and a second set related to the remaining 821 cases.  To streamline the briefing, the set related to the ten cases shall simply incorporate by reference the arguments made in the set related to the larger group of cases.

---

[1] *Ryan Transp. Servs., Inc. v. Fleet Logistics, L.L.C.,* No. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

Both motions for remand and the related briefs shall *only* be filed in the first-filed case, 15-4014, which is hereby designated as the lead case. But such filings in the lead case shall be deemed filed on the same date in each of the other 830 consolidated cases.

Plaintiff shall timely file its motions for remand and supporting briefs. Under D. Kan. Rule 6.1(d)(2), opposition briefs are due within 21 days, with 14 days allowed for any replies. The remand motions, once fully briefed, will be decided by the presiding U.S. District Judge, Kathryn H. Vratil.

The parties agreed, and the court ruled, that no substantive right of any party, whether associated with the issue of remand or otherwise, is affected by the limited consolidation mandated by this order.

This order renders moot the February 9, 2015 deadline set by Judge Vratil for showing cause why the cases should not be consolidated (ECF doc. 5). Her order therefore is vacated.

Pending further order of the court, all remand-related papers shall be filed only in the lead case. This includes, but is not limited to, proofs of service of notice to the state court under D. Kan. Rule 81.1(c)(3), and filing copies of state court proceedings under D. Kan. Rule 81.2. Likewise, pending further order of the court, corporate disclosure statements under Fed. R. Civ. P. 7.1 shall only be filed in the lead case.

**Dismissal of Defendant Tammy Brendel**

The parties reached an oral stipulation at the conference that Tammy Brendel, to the extent she is named as a defendant in any of the 831 cases, shall be dismissed as a party. The

parties reached this agreement with the understanding that her dismissal shall not be deemed to have any jurisdictional significance, whether in connection with removal or otherwise.

**Stay of Answer Deadline; Status Report**

The deadlines for BP to answer or otherwise respond to the complaints in the underlying cases are stayed pending further order of the court.  This stay is with the understanding that, if Judge Vratil denies plaintiff's motions for remand, then within 14 days of her ruling the parties must meet and confer, and jointly file a status report addressing the following:

(1) A deadline for the filing of answers or dispositive motions (the latter are anticipated);

(2) The possible consolidation of these cases moving forward, whether via plaintiff filing an amended consolidated complaint, BP filing a consolidated dispositive motion applicable to all cases even if plaintiff does not file a consolidated complaint, consolidating the cases for purposes of discovery, consolidating the cases for certain issues at trial, or otherwise;

(3) The appropriateness of staying or otherwise staging discovery in the cases pending a ruling on the anticipated dispositive motions; and

(4) How these cases should be coordinated (if at all) with the approximately 800 additional cases that plaintiff filed in Neodesha Municipal Court (BP asserts it was never properly served in these cases, making removal premature, while plaintiff argues BP was properly served and removal now would be too late).

Although not specifically discussed during the status conference, all discovery is stayed in the 831 pending cases until further order of the court. That is, neither plaintiff nor BP has indicated it needs to conduct discovery for the court to make an informed judgment on the threshold jurisdictional issue of whether removal of the cases was proper.

IT IS SO ORDERED.

Dated February 9, 2015, at Kansas City, Kansas.

        s/James P. O'Hara   
James P. O'Hara
U.S. Magistrate Judge